BEACON MAGAZINES, INC., Respondent, *v.* POPULAR PUBLICATIONS INC., Appellant.

First Department, June 23, 1936.

*Edwin J. Harragan* of counsel [*Swiger, King & Chambers,* attorneys], for the appellant.

*I. Maurice Wormser* of counsel [*Robert A. Pines* with him on the brief, attorney], for the respondent.

PER CURIAM. The plaintiff has not shown any exclusive right to the use of the title " G-Men." The plaintiff did not create or "·coin " the appellation. So far as appears, it had a popular source from the activities of Federal investigators in their nation-

wide effort to suppress crime. The plaintiff, therefore, has no property right to the sole use of the phrase.

The order should, therefore, be modified so as to restrict the use of " Ace-G-Man " in the title of the defendant's magazine to uses such as will not imitate in appearance, form or print the design now used in the title of plaintiff's magazine, and as so modified affirmed, without costs.

Present — MARTIN, P. J., McAVOY, O'MALLEY, TOWNLEY and GLENNON, JJ.; MARTIN, P. J., and GLENNON, J., dissent and vote for affirmance.

MARTIN, P. J. (dissenting). Where such a deliberate and unfair attempt to appropriate the property of another is established, the court should fully protect the injured party and should hesitate to grant any relief to the wrongdoer which would, in any manner, enable him to benefit by his wrongful act to the detriment of the injured party.

The order should, therefore, be affirmed in its entirety.

GLENNON, J., concurs.

Order modified so as to restrict the use of " Ace-G-Man " in the title of the defendant's magazine to uses such as will not imitate in appearance, form or print the design now used in the title of plaintiff's magazine, and as so modified affirmed, without costs. Settle order on notice.